# LAING *a.* TITUS.

*Supreme Court, First District ; General Term, November,* 1864.

### EVIDENCE.—INTERLOCUTORY ORDERS.—PARTIES.

Upon a reference subsequent to a decree, for the purpose of ascertaining the amount due thereon, this not being the reference of an issue, but of a collateral matter, it is not necessary to change the parties on the record in consequence of an assignment of the decree.

The testimony on such a reference is in the nature of affidavits, and husband and wife may testify for each other.

Evidence to show a parol discharge of a judgment or decree is rightly excluded even on an interlocutory reference.

Appeal from an order confirming a referee's report.

A foreclosure suit was commenced by James B. Laing against Delos E. Titus, James G. McAdam, and Phebe McAdam, his wife, and others, and the decree entered December 30, 1856, the amount due the plaintiff thereunder being $2,252.08. On the 4th of February, 1857, David Bebell purchased this decree from the plaintiff for $1,887, the balance of the decree being paid by McAdam and wife. Some sums were paid, and one or two accountings had by the McAdams with Mr. Bebell. On the 1st of October Mr. Bebell sold the decree to Workman Beck, who on the tenth of that month assigned it to Mrs. Bebell. No sale of the premises was had until July, 1862. On the 7th of July, 1863, an order was made referring it to a referee to ascertain what amount should be deducted from the decree.

Under this order the first meeting was had on the 11th day of July, 1863. On the reference various set-offs were claimed, and among the rest a bill for work on other property in 40th-street, owned by Mr. Bebell. It was attempted to be shown that the conveyances to Beck were sham, and that no such person existed, which was excluded. Evidence was also offered that the services were rendered at Mr. Bebell's request, and of a promise by him that they should be allowed on the mortgage, and this

Laing *a.* Titus.

evidence was excluded; but evidence was subsequently given of the same facts. Also evidence of Mr. McAdam's services as counsel to Mr. and Mrs. Bebell, was offered and excluded. On the 4th of August Mr. Bebell offered himself as a witness, and objection being taken, an assignment from Mrs. Bebell to Amelia Bebell was offered and objected to, but admitted, and subsequently Mr. Bebell's testimony was admitted.

The referee finally reported, admitting and allowing some of the claims of Mrs. McAdam, and rejecting others, and reporting $2,516.99 as the amount due. To this report the defendant, Phœbe Jane McAdam, took exceptions on the following grounds:

1st. That the decree had been fully paid to the plaintiff.

2d. That the decree was in favor of the plaintiff, and not to Amelia Bebell, who was not a party to the suit.

3d. That by the acts of the parties the decree was waived, and the mortgage waived and extended.

4th. That Amelia Bebell only obtained the assignment after the commencement of the taking of testimony, without any order or authority from the court.

5th. That Mr. Bebell was allowed to give testimony on behalf of his wife.

6th. That almost all the parties in interest had been changed, but no order had been entered changing the parties to the record.

7th. Because the claimants did not produce the original bond, and,

8th. For disallowing certain claims of Mrs. McAdam.

The report was confirmed at special term, and Mrs. McAdam appealed.

*David McAdam*, for the appellant.

*F. E. Mather*, for respondent.

By THE COURT.—LEONARD, J.—The reference was for the purpose of ascertaining what amount remained due on the decree of foreclosure, and what sums the owner of the equity of redemption was entitled to be credited on account.

It was an inquiry after judgment, and there was no necessity

for a change of parties in consequence of an assignment of the decree, whether made before or after the order of reference.

It was a collateral inquiry, and not the trial of an issue formed by the pleadings.

The reference was to inform the court; although the order of reference says that the referee is to "hear and determine" certain questions thereby referred to him, it should be regarded as a reference of an interlocutory matter, only to take the proofs and return them with the opinion of the referee.

A reference to hear and determine such a matter is not authorized by the Code.

Had Mrs. Bebell been the owner of the decree, I think the evidence of her husband was admissible on this inquiry.

The rule which forbids husband and wife to be witnesses for or against each other, does not preclude the introduction of the affidavit of the one in the suit of the other, on a motion or other interlocutory or collateral matter.

It is not giving evidence. The deposition of the husband in this matter has no other effect than an affidavit; and the only difference consists in subjecting him to a cross-examination.

The ownership of the decree is wholly immaterial.

The decree is a matter of record, and could not be discharged by any parol agreement. The referee correctly excluded evidence on these questions. The only question before the referee was the amount due.

On this question the evidence seems to have been all taken, and there appears no reason for doubting the correctness of the facts found on that point.

But assuming that Mr. Bebell was incompetent to make an affidavit, or to give any evidence on this reference while his wife owned the decree, there appears to be no evidence, nor the offer of any, throwing suspicion on the *bona-fides* of the assignment from Mrs. Bebell to Amelia Bebell.

Mr. Bebell was entirely competent to give evidence in behalf of Amelia, who was the owner of the decree at the time his deposition was taken before the referee.

I concur in affirming the order appealed from, with $10 costs.

BARNARD, J.—Under the order of reference the question as

Laing *a.* Titus.

to whether the decree was abandoned or not, was not a subject for litigation. The offer to show that the conveyances were fictitious was properly rejected. It was not proposed to show that the conveyances were made with a view of defrauding Mrs. McAdam. The case shows that Mrs. McAdam dealt with Mrs. Bebell as the owner of the decree; and it was not questioned but that any payment made to her, or at her request, or any work done for her or at her request could be shown.

With respect to the 40th-street house it was not offered to be shown that Mrs. Bebell was the owner; she not being the owner it was immaterial who else was, for unless she was the owner, no work done on that house could be offset, unless it was done for her at her request, and if it was done for her at her request, then it was an offset whoever was the owner.

With respect to the objection to the reception of the assignment to Amelia Bebell, although it may be doubtful whether strictly that assignment was properly received without a previous order of the court, substituting Amelia in the place of Mrs. Bebell as a party; yet as the husband of Mrs. McAdam had testified on her behalf, I think the court under the circumstances would have permitted the substitution so as to obviate the objection taken to Mr. Bebell's evidence, on the ground of his being the husband of Mrs. Bebell; the error in this respect may be disregarded on this appeal. It may be conceded if the assignment was made to Amelia without consideration for the mere purpose of enabling Mr. Bebell to be a witness, and upon an implied or express trust or condition to reassign without consideration as soon as the litigation was terminated, that then the execution of the assignment would not have authorized Mr. Bebell to be examined as a witness, inasmuch as his wife would still be the real party in interest.

The offer, however, did not go to this extent, it was in effect simply to show that Amelia paid no consideration. This is not inconsistent with an absolute gift. The offer and exceptions cannot now avail, because, notwithstanding this ruling, the counsel subsequently went into the proof.

The offer to prove Mr. McAdam's services was properly rejected. The services rendered by Mr. McAdam were a claim in his favor, and could not be set off by Mrs. McAdam against a claim against her without either an assignment to her or an

express agreement between her and Mr. McAdam and the holder of the decree, that they should be credited on the decree. There was no offer to show either such assignment or such agreement.

With reference to the other points raised I see no error.

Order affirmed, with costs.

## IRELAND *a.* JOHNSON.

*Chenango County Court, January,* 1865.

### STATUTE OF FRAUDS.—PAYMENT.

The giving of a promissory note upon a purchase of goods, is not a sufficient *payment* to take the contract of sale out of the Statute of Frauds.

Motion for a new trial.

This was an action of trover originally brought in a justice's court, in which court the plaintiff recovered a judgment, from which judgment the defendant appealed to the Chenango County Court, and the cause was tried in the County Court in December, 1863, before Hon. Dwight H. Clarke, county judge, and a jury.

On the trial in the County Court the following facts appeared:

About the last of August or first of September, 1863, the plaintiff, Stephen Ireland, called upon the defendant, Jefferson Johnson, for the purpose of examining a threshing machine, with the view of purchasing it. After some negotiation in regard to the machine, the defendant agreed to sell the plaintiff the machine for $90, and to take the plaintiff's note for that amount, payable the 1st day of April thereafter, with interest. Not having any stamps to put on the note, it was agreed by the parties that the plaintiff was to go to the store of one Davis in the same town on his way home and execute the note and leave it there, and the defendant was to call and get it,